IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIA TERCERO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | No. C 14-05219 HRL (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner proceeding pro se, filed a complaint against officials at Santa Rita Jail ("SRJ") pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

## DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

1  immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be
2  liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
3  1988).

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
5  elements: (1) that a right secured by the Constitution or laws of the United States was
6  violated, and (2) that the alleged violation was committed by a person acting under the
7  color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

8  **B.**  **Plaintiff's Claims**

9        Plaintiff claims that on September 24, 2014, Defendant Deputy Jones (1601) used
10 unnecessary force during the course of moving Plaintiff to another cell. (Compl. at 3.)
11 Plaintiff claims that as a result of the force, he injured his shoulder and wrist. (Id.)
12 Liberally construed, Plaintiff's claim against Defendant Jones is cognizable as an
13 excessive force claim under the Eighth Amendment. See Farmer v. Brennan, 511 U.S.
14 824, 834 (1994); see Hudson v. McMillian, 503 U.S. 1, 6 (1992).

15       Plaintiff also names the County of San Francisco, County Sheriff [of] San
16 Francisco, and "County Sheriff's Deputies" as Defendants in this action. (Compl. at 1, 2-
17 3.) However, he has made no specific factual allegations against these Defendants.
18 Accordingly, he shall be granted leave to file an amended complaint to attempt to state
19 sufficient facts to state cognizable claims against them.

20       In amending his complaint, Plaintiff is advised that liability may be imposed on an
21 individual defendant, such as the Sheriff or individual deputies, under § 1983 only if
22 Plaintiff can show that the defendant proximately caused the deprivation of a federally
23 protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of
24 Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a
25 constitutional right within the meaning of section 1983 if he does an affirmative act,
26 participates in another's affirmative act or omits to perform an act which he is legally
27 required to do, that causes the deprivation of which the plaintiff complains. See Leer,
28 844 F.2d at 633. In amending his claims against additional defendants, Plaintiff is

advised that he must name each individual by name and state specific allegations against each of them.

With respect to any claims against the County, such local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978);[1] however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Local government does not cause the alleged violation, and therefore is not liable under § 1983, if it does not have the power to remedy the alleged violation. See Estate of Brooks v. United States, 197 F.3d 1245, 1248-49 (9th Cir. 1999) (upholding dismissal of § 1983 excessive detention claim against county because under state statute county did not have power either to release federal detainee or bring him before federal judge).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28)**

---

[1] Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. See Monell, 436 U.S. at 690. They are absolutely immune from liability for punitive damages under § 1983, however. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

...

**days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 14-05219 HRL (PR), and the words "FIRST AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed.

**In the alternative, Plaintiff may file notice that he wishes to proceed solely on the excessive force claim found cognizable against Defendant Deputy Jones and strike all other defendants from this action.**

**Failure to respond in accordance with this order by filing said notice or an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: 3/10/15

HOWARD R. LLOYD
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE MARIA TERCERO,

    Plaintiff,

v.

COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

Case Number: CV14-05219 HRL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/10/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Maria Tercero Jail: 14673538
San Francisco County Jail
SF: 665431
P.O. Box #67
San Bruno, CA 94066

Dated: 3/10/2015

P. O'Donnell, deputy
Richard W. Wieking, Clerk